REGAN *v.* CONSOLIDATED BAKERIES, INC.

1. CONTRACTS—EVIDENCE—SUFFICIENCY.

Evidence *held*, sufficient to establish that defendant corporation, by its president, agreed to pay plaintiff certain sum of money for his services in securing investment of additional money in defendant, thus relieving it from financial embarrassment, and that said agreement was ratified by stockholders.

2. ESTOPPEL—EVIDENCE—SUFFICIENCY.

Evidence *held*, insufficient to support claim that plaintiff is estopped from claiming agreed price for his services in securing investment of additional money in defendant corporation.

3. LICENSES—BLUE SKY LAW—SECURITIES.

Agreement to pay plaintiff certain sum of money for his services in securing investment of additional money in defendant corporation, *held*, not in violation of blue sky law; plaintiff not being engaged in sale of securities within meaning of said statute, nor did he sell defendant's stock or securities, but he procured investment in property of defendant.

4. New Trial—Witnesses—Abuse of Discretion.

>Denial of motion for partial new trial, based on affidavits, was not abuse of discretion, where no sufficient showing was made as to why affiants were not called as witnesses on trial.

Appeal from Wayne; Parker (James S.), J., presiding. Submitted January 13, 1933. (Docket No. 9, Calendar No. 36,795.) Decided March 2, 1933. Submitted on rehearing June 6, 1933. Decided June 29, 1933.

Assumpsit by William Regan against Consolidated Bakeries, Inc., a Michigan corporation, for services rendered in the procurement of additional capital. Judgment for plaintiff. Defendant appeals. Affirmed.

*McLeod, Fixel, Abbott & Fixel,* for plaintiff.

*Welsh, Bebout, Hill & Lee,* for defendant.

Sharpe, J. The question first presented is whether the defendant corporation agreed to pay plaintiff the sum of $5,000 for his services in securing a man to make an investment in its company and relieve it from financial embarrassment. On trial without a jury, the court found that such agreement was made by the president of the defendant company. It also appears by a preponderance of the evidence that this agreement was ratified at a meeting of the stockholders at which all but two were present and proxies for these were in the possession of the secretary.

It is undisputed that at the solicitation of the plaintiff William T. Skrzycki became interested in the company and entered into a written agreement with it for the purchase of a part of its stock, whereby its financial difficulties were overcome. He is now a majority stockholder and in control of the com-

pany. It will serve no useful purpose to review the evidence submitted. It established the contract as claimed by plaintiff and performance on his part.

The defendant contends that plaintiff is estopped from recovering. This claim is based on the testimony of Skrzycki that in one of his conferences with the plaintiff before making his contract, the following conversation was had:

"I asked Mr. Regan, 'Now, who are you going to get any commission from, or what are you going to get? How are you going to get your pay for turning this deal?' I don't just remember. He said, 'It won't cost you a nickel.' Well, I said, 'You understand what I mean?' 'Yes,' he says, 'I do, it won't cost you a nickel.'

"Q. Was there any statement made at that time, that he was to get anything from the Consolidated Bakeries, or anybody else?

"A. No, not at that time. There was nothing said about him getting any money from the Consolidated Bakeries."

Plaintiff testified that at one time Skrzycki asked him, "What will you charge me for handling this for me?" and that he answered, "Bill, I won't charge you anything, because I am getting paid by the Consolidated Baking Company."

Walter W. Wray, an accountant employed by Skrzycki to audit the books of the company prior to his purchase, testified that he found no entry therein of any indebtedness to the plaintiff. At this time there was no indebtedness as he had not yet earned his commission.

Robert M. Kirby, who was employed by the company to audit its books after Skrzycki's purchase, testified that when doing so plaintiff asked him "whether any provision had been made for a pay-

ment of $5,000 to him," and that he answered "there had not," and that he afterwards spoke to Skrzycki about it. The plaintiff admitted that he made this inquiry and testified that Skrzycki afterwards came to him and said:

" 'Bill, you asked Mr. Kirby to put the $5,000 through the books, that you have got coming?' I said, 'Yes.' He said, 'You know I want to borrow some money and I want to show a good statement to the bank.' "

Skrzycki admitted that he might have made such a statement. Alexander, the president of the company, testified that he told Skrzycki before his purchase that the company had agreed to pay plaintiff $5,000 for procuring additional capital. In view of this testimony, taken as a whole, the claim of estoppel is not well founded.

Defendant also urges that—

"The claim of the plaintiff was unenforceable as arising out of an alleged contract for the payment of commission for solicitation and inducement of the sale and purchase of corporate stock within the meaning of the 'blue sky law.' "

The plaintiff was not engaged in the sale of securities as this term is used in that act (Act No. 220, Pub. Acts 1923 [2 Comp. Laws 1929, § 9769 *et seq.*]). Under his contract with the company he secured a man able and willing to make an investment in the property of the company. He had nothing to do with the sale of its stock or securities, and in no way violated the provisions of this act.

One of the questions involved is thus stated: "Was defendant's motion for partial new trial properly heard and denied?"

The record discloses that such a motion was filed, based upon several affidavits annexed thereto. Two of these affidavits were made by stockholders of the company, and a third by a former stockholder. No sufficient excuse was offered why these affiants were not called as witnesses on the trial. We find no abuse of discretion on the part of the trial court in the denial of this motion.

The judgment is affirmed.

McDONALD, C. J., and CLARK, POTTER, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.

### ON REHEARING.

SHARPE, J. We have again given careful consideration to the facts presented by the record in this case and the argument of counsel based thereon. In our opinion the conclusion before reached (262 Mich. 249) is supported by the weight of the evidence and in accord with the law applicable thereto.

McDONALD, C. J., and CLARK, POTTER, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.